IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ARTEMIS JAMAL TERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:06-cv-158-MEF |
| | ) | |
| DR. M. J. MENDEZ, | ) | |
| | ) | |
| Defendant. | ) | |

RECEIVED
2006 APR 24  P 4: 28
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

## RESPONSE AND WRITTEN REPORT
## OF DR. MENDEZ TO PLAINTIFF'S COMPLAINT

**COMES NOW** the Defendant, Dr. M. J. Mendez, through undersigned counsel, and in accordance with this Court's Order of February 23, 2006, files this Response and Written Report to Plaintiff's Complaint.

**PLAINTIFF'S COMPLAINT:**

This action is being brought by Plaintiff Artemis Jamal Terry ("Terry"). Terry is a federal inmate being held in the Montgomery City Jail, pending his transfer to a federal correctional facility. In this action, Terry alleges in Ground One that Dr. Mendez violated his Constitutional rights against cruel and unusual punishment due to denial of proper medical treatment. In Ground Two, Terry contends that Dr. Mendez is causing irreparable injury by not treating his finger and Ground Three is an allegation that Dr. Mendez, by not administering proper medical treatment, is causing Terry to suffer severe pain. Terry wants additional medical treatment and seeks $20,000.00 in damages.

Plaintiff submits the following as supporting facts to his cause of action:

Ground One: "On January 25, 2006, at the Montgomery City Jail I went to see Dr. Mendez about my pinky finger on my right hand because it was swollen

and it was hurting really bad. All Dr. Mendez done for me was have someone give me an x-ray and he prescribed me ibuprofen 600.

Ground Two: On January 26, 2006 I put a request in to see Dr. Mendez about my finger to see if I could get a splint on it or have it reset if that was the problem. I was told that I could not see the doctor twice in one week and on 1-31-06 the doctor came by and didn't see me.

Ground Three: On February 2, 2006 I put another request to see the doctor. On February 8, 2006 I went to see the doctor and tried to explain to him that my finger was badly swollen and hurt a lot and he just glanced at my finger and told me to run some warm water over it."

**DEFENDANT'S RESPONSE:**

Dr. Mendez, adopts and incorporates Defendant's Answer with affirmative defenses filed on April 4, 2006 and further states unto the Court the following:

On January 22, 2006 Plaintiff, Artemis Terry, completed an inmate request form for medical care. Terry requested medical treatment for, "sharp pain in my finger and it's been swollen for about two weeks." (*DX 1*, p. 4, Montgomery Municipal Jail Inmate Records for Artemis Terry). Dr. Mendez visits the jail approximately two days a week and is on call for the jail 24 hours a day, seven days a week. (*DX 2*, Affidavit of Dr. M.J. Mendez). The medical records for Artemis Terry from Montgomery City Jail indicate that Dr. Mendez treated Terry on January 25, 2006. (*DX 2*, Affidavit of Dr. M. J. Mendez).

The dictated notes from Mendez of January 25, 2006, indicate that Terry was complaining with pain to the right 5th finger stating that he had hurt this finger approximately 2 ½ weeks earlier. (*DX 1*, p. 3, Montgomery Municipal Jail Inmate Records for Artemis Terry). Mendez noted that it was swollen with limited flexion and ordered an x-ray, splint and prescribed Motrin for 10 days as needed for pain. (*DX 1*, p. 3, Montgomery Municipal Jail Inmate Records for Artemis Terry). An x-ray was performed on that same day by Southern Radiology Services,

2

LLC. (*DX 1*, p. 3, Montgomery Municipal Jail Inmate Records for Artemis Terry). The x-ray indicated soft tissue swelling consistent with sprain injury but no underlying fracture or dislocation. (*DX 1*, p. 3, Montgomery Municipal Jail Inmate Records for Artemis Terry).

On February 8, 2006, Dr. Mendez advised Terry, of the x-ray findings and informed him that there was no underlying fracture or dislocation. (*DX 1*, p. 1, Montgomery Municipal Jail Inmate Records for Artemis Terry and *DX 2*, Affidavit of Dr. M. J. Mendez). Dr. Mendez advised Terry to apply warm soaks for 20 minutes 4 to 5 times daily. (*DX 1*, p. 1, Montgomery Municipal Jail Inmate Records for Artemis Terry and *DX 2*, Affidavit of Dr. M. J. Mendez).

Terry contends that he put in a request to see Dr. Mendez on January 26 and February 2. The medical records, however, do not reflect but one inmate request form, dated January 22, 2006, from Terry requesting medical treatment by the doctor for his finger. (*DX 1*, p. 4, Montgomery Municipal Jail Inmate Records for Artemis Terry). Dr. Mendez treated Terry on January 25, 2006 for his finger and had a follow-up visit February 8, 2006. (*DX 1*, p. 1 - 4, Montgomery Municipal Jail Inmate Records for Artemis Terry and *DX 2*, Affidavit of Dr. M. J. Mendez).

Terry has been receiving medical treatment in the jail by Dr. Mendez since approximately March 2005. (*DX 1*, pp. *00 – 29*, Montgomery Municipal Jail Inmate Records for Artemis Terry and *DX 2*, Affidavit of Dr. M. J. Mendez). Terry was not denied medical treatment by Dr. Mendez. (*DX 1*, pp. *00 – 29*, Montgomery Municipal Jail Inmate Records for Artemis Terry and *DX 2*, Affidavit of Dr. M. J. Mendez). Dr. Mendez relies on the nurses employed by the jail to triage the inmates and schedule them for physician visits. (*DX 2*, Affidavit of Dr. M. J. Mendez). Dr. Mendez has never told an inmate that they could not see him twice in one week. (*DX 2*, Affidavit of Dr. M. J. Mendez).

I.  **CONSTITUTIONAL VIOLATION OF CRUEL AND UNUSUAL PUNISHMENT**

Terry's § 1983 complaint is that Dr. Mendez denied him proper medical treatment and therefore subjected him to cruel and unusual punishment in violation of the Eighth Amendment. In *Estelle v. Gamble* 429 U.S. 97; 97 S. Ct. 285 (1976), the Supreme Court held that a prison official's "deliberate indifference to [the] serious medical needs of [a] prisoner[ ] constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle,* 429 U.S. at 104, 97 S.Ct. 285 (quotation marks and citation omitted); *see Campbell v. Sikes,* 169 F.3d 1353, 1363 (11th Cir.1999). "However, not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.' " *McElligott v. Foley,* 182 F.3d 1248, 1254 (11th Cir.1999) (citation omitted); *see Estelle,* 429 U.S. at 106, 97 S.Ct. 285 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). The inadvertent or negligent failure to provide adequate medical care "cannot be said to constitute 'an unnecessary and wanton infliction of pain.' " *Estelle,* 429 U.S. at 105-06, 97 S.Ct. 285.

For an inmate to maintain a § 1983 action for a violation of the prohibition against cruel and unusual punishment and that a prison official acted with deliberate indifference to serious medical needs, the inmate must satisfy both an objective and a subjective inquiry. *Taylor v. Adams,* 221 F.3d 1254, 1257 (11th Cir.2000); *Adams v. Poag,* 61 F.3d 1537, 1543 (11th Cir.1995). First, a plaintiff must set forth evidence of an objectively serious medical need. *Taylor,* 221 F.3d at 1258; *Adams,* 61 F.3d at 1543. Second, a plaintiff must prove that the prison official acted with an attitude of "deliberate indifference" to that serious medical need. *Farmer,* 511 U.S. at 834, 114 S.Ct. 1970; *McElligott,* 182 F.3d at 1254; *Campbell,* 169 F.3d at 1363

*1. Serious Medical Need*

A serious medical need is considered "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003)(quoting *Hill v. DeKalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994)). Such a medical need must be "one that, if left unattended, 'pos[es] a substantial risk of serious harm.'" *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000)(quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

Terry has failed to allege an "objectively serious medical need." *Farrow*, 320 F.3d at 1242. Terry contends that the treatment by Mendez for his swollen and sore finger was not proper. However, Terry does not dispute that Dr. Mendez ordered an x-ray on the day he treated Terry. The x-ray was performed that same day and reviewed. (*DX 1*, p. 3, Montgomery Municipal Jail Inmate Records for Artemis Terry and *DX 2*, Affidavit of Dr. M.J. Mendez). The x-ray indicated that there was no fracture or break but rather soft tissue swelling. (*DX 1*, p. 3, Montgomery Municipal Jail Inmate Records for Artemis Terry and *DX 2*, Affidavit of Dr. M.J. Mendez). Dr. Mendez prescribed Motrin. (*DX 1*, p. 2, Montgomery Municipal Jail Inmate Records for Artemis Terry and *DX 2*, Affidavit of Dr. M.J. Mendez). At the follow-up evaluation on February 8, 2006, Dr. Mendez advised Terry to apply warm soaks for 20 minutes four or five times daily. (*DX 1*, p. 1, Montgomery Municipal Jail Inmate Records for Artemis Terry and *DX 2*, Affidavit of Dr. M.J. Mendez).

Dr. Mendez has treated Terry repeatedly during his year plus incarceration at the Montgomery Municipal Jail. (*DX 1*, pp. 00-29, Montgomery Municipal Jail Inmate Records for Artemis Terry and *DX 2*, Affidavit of Dr. M.J. Mendez). The only documented time that Terry

complained of pain to his finger, he was treated by Dr. Mendez. (*DX 1*, p. 3, Montgomery Municipal Jail Inmate Records for Artemis Terry and *DX 2*, Affidavit of Dr. M.J. Mendez).

### 2. *Deliberate Indifference*

"A prison official cannot be found deliberately indifferent under the Eighth Amendment 'unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Farrow*, 320 F.3d at 1245 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994))(emphasis removed).

"Deliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999). "Medical treatment that is 'so grossly incompetent, inadequate, or excessive as to shock the conscious or to be intolerable to fundamental fairness' constitutes deliberate indifference." *Adams v. Poag*, 61 F.3d 1537, 1544 (11th Cir. 1995)(quoting *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir. 1986)).

Although Terry might not agree with the treatment prescribed for his finger, Terry has failed to state any claim that rises to medical treatment so egregious or inadequate to "shock the conscious or to be intolerable to fundamental fairness" *Adams v. Poag,* 61 F. 3d 1537, 1544. It is undisputed that on January 25, 2006, Dr. Mendez evaluated Terry's finger and ordered an x-ray and prescribed Motrin. (*DX 1*, p. 3, Montgomery Municipal Jail Inmate Records for Artemis Terry and *DX 2*, Affidavit of Dr. M.J. Mendez).In fact, at the follow-up visit on February 8, 2006, Dr. Mendez advised Terry to come back for further treatment if he needed it. (*DX 2*, Affidavit of Dr. M.J. Mendez.). There is no evidence to support Terry's complaint that Dr.

Mendez's treatment was so grossly incompetent as to cause a constitutional violation for cruel and unusual punishment.

The evidence does not support any claim that Mendez discharged intentional or reckless, harmful acts. *See Farmer v. Brennan,* 511 U.S. 825, 833-38, 114 S.Ct. 1970, 1977-79, 128 L.Ed.2d 811 (1994); *Cottrell v. Caldwell,* 85 F.3d 1480, 1491 (11th Cir.1996) (stating that deliberate indifference is equivalent of recklessly disregarding substantial risk of serious harm to inmate); *Adams,* 61 F.3d at 1543 (stating that plaintiff must show more than mere negligence to assert an Eighth Amendment violation); *Hill v. Dekalb Regional Youth Detention Ctr.*, 40 F.3d 1176, 1191 n. 28 (11th Cir.1994) (recognizing that Supreme Court has defined "deliberate indifference" as requiring more than mere negligence and has adopted a "subjective recklessness" standard from criminal law); *Qian v. Kautz,* 168 F.3d 949, 955 (7th Cir.1999) (stating "deliberate indifference" is synonym for intentional or reckless conduct, and that "reckless" conduct describes conduct so dangerous that deliberate nature can be inferred).

## II.    NO EVIDENCE THAT DR. MENDEZ DENIED TERRY MEDICAL TREATMENT.

Terry contends that he put in a request to see Dr. Mendez on January 26 and February 2. The medical records, however, do not reflect but one inmate request form, dated January 22, 2006, from Terry requesting medical treatment by the doctor for his finger. *(DX 1,* p. 4, Montgomery Municipal Jail Inmate Records for Artemis Terry). Dr. Mendez treated Terry on January 25, 2006 for his finger and had a follow-up visit February 8, 2006. *(DX 1,* p. 1 - 4, Montgomery Municipal Jail Inmate Records for Artemis Terry and *DX 2,* Affidavit of Dr. M. J. Mendez).

Terry has been receiving medical treatment in the jail by Dr. Mendez since approximately March 2005. *(DX 1, pp. 00 – 29,* Montgomery Municipal Jail Inmate Records for

7

Artemis Terry and *DX 2*, Affidavit of Dr. M. J. Mendez). Terry has not been denied medical treatment by Dr. Mendez. *(DX 1, pp. 00 – 29*, Montgomery Municipal Jail Inmate Records for Artemis Terry and *DX 2*, Affidavit of Dr. M. J. Mendez).

Terry contends that Dr. Mendez was at the jail on January 31, but did not come to see him. Dr. Mendez relies on the nurses employed by the jail to triage the inmates and schedule them for physician visits. *(DX 2*, Affidavit of Dr. M. J. Mendez). Dr. Mendez has never told an inmate that they could not see him twice in one week. *(DX 2*, Affidavit of Dr. M. J. Mendez). Dr. Mendez has never denied any inmate medical treatment. *(DX 2*, Affidavit of Dr. M. J. Mendez).

Respectfully submitted this the 24th day of April, 2006.

/s/ Kimberly O. Fehl
Kimberly O. Fehl (FEH001)
Attorney for Dr. M. J. Mendez

**OF COUNSEL:**
City of Montgomery
Legal Department
103 N. Perry St.
Montgomery, AL 36104
334.241.2050
FAX 334.241.2310

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing was served upon the following by placing a copy thereof in the United States Mail, postage prepaid and properly addressed on this the 24th day of April, 2006:

Artemis Jamal Terry  
Inmate 01185  
Montgomery Municipal Jail  
320 N. Ripley Street  
Montgomery, Alabama  36104

_____  
Of Counsel