IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ARTEMIS J. TERRY, #11614-002,    )
                        )
    Plaintiff,            )
                        )
                        )
  v.                    )    CIVIL ACTION NO. 2:06-CV-158-MEF
                        )              [WO]
                        )
DR. MENDEZ,           )
                        )
    Defendant.        )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a civil complaint filed by Artemis J. Terry ["Terry"], a federal inmate. In this complaint, Terry asserts that the defendant violated his Eighth Amendment right against cruel and unusual punishment by denying him adequate medical treatment for an injury to his right pinky finger during his confinement at the Montgomery City Jail.[1]  Terry names Dr. Marcial Mendez, the jail's contract physician, as the sole defendant in this cause of action. Terry seeks "medical treatment for [his] finger" and monetary damages. *Plaintiff's Complaint - Court Doc. No. 1* at 3.

The defendant filed a special report, answer and supporting evidentiary materials addressing Terry's claim for relief. Pursuant to the orders entered herein, the court deems

---

[1]It appears that this action is properly before the court under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). In addressing the merits of Terry's deliberate indifference claim, the court will utilize cases addressing claims arising under 42 U.S.C. § 1983 as such cases are equally applicable to claims raised in a *Bivens* action. *Kelly v. Serna*, 87 F.3d 1235, 1239 (11th Cir. 1996); *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995).

it appropriate to treat this report as a motion for summary judgment. *Order of April 26, 2006 - Court Doc. No. 18*. Thus, this case is now pending on the defendant's motion for summary judgment. Upon consideration of this motion, the evidentiary materials filed in support thereof and the plaintiff's response in opposition to the motion, the court concludes that the defendant's motion for summary judgment is due to be granted.

## I. STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir.2007) (per curiam) (quoting Fed.R.Civ.P. 56(c)). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citation to rule omitted). The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-324.

The defendant has met his evidentiary burden and demonstrated the absence of a

genuine issue of material fact.  Thus, the burden shifts to the plaintiff to establish, with evidence beyond the pleadings, that a genuine issue material to her case exists. *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir.1991); *Celotex*, 477 U.S. at 324 (non-movant must "go beyond the pleadings and ... designate 'specific facts showing that there is a genuine issue for trial.'"); Fed.R.Civ.P. 56(e) ("When a motion for summary judgment is made and supported ... an adverse party may not rest upon the mere allegations or denials of [his] pleading, but [his] response ... must set forth specific facts showing that there is a genuine issue for trial.").  A genuine issue of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor.  *Greenberg*, 498 F.3d at 1263.

> In civil actions filed by inmates, federal courts
>
> must distinguish between evidence of disputed facts and disputed matters of professional judgment.  In respect to the latter, our inferences must accord deference to the views of prison authorities.  Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, --- U.S. ---, 126 S.Ct. 2572, 2578, 165 L.Ed.2d 697 (2006).  Consequently, to survive the defendant's properly supported motion for summary judgment, Terry is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claim of a constitutional violation.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted."

*Anderson*, 477 U.S. at 249-250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990). Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine issue of material fact and, therefore, do not provide sufficient evidence to oppose a motion for summary judgment. *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001); *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory assertions ..., in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "[her] own conclusory allegations" challenging a defendant's actions); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment...."). Hence, when a plaintiff fails to set forth specific facts supported by appropriate evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (if on any

4

part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248. "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (summary judgment appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine issue as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (to establish a genuine issue of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

5

Although factual inferences must be viewed in a light most favorable to the nonmoving party, and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine issue of material fact. *Beard*, --- U.S. at ---, 126 S.Ct. at 2576; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). In this case, Terry fails to demonstrate a requisite genuine issue of material fact in order to preclude summary judgment. *Matsushita*, *supra*.

## II. DISCUSSION

Terry asserts the defendant acted with deliberate indifference to a serious medical need by failing to provide him proper treatment for his injured right pinky finger. Specifically, Terry complains that upon initial evaluation of his finger Dr. Mendez merely ordered an x-ray and prescribed Motrin (ibuprofen) for pain. *Plaintiff's Complaint - Court Doc. No. 1* at 2. Terry further complains that after reviewing the results of the x-ray Dr. Mendez simply advised "me to run some warm water over [my finger]." *Id*. at 2. The defendant denies he acted with deliberate indifference and, instead, maintains he provided Terry with appropriate treatment for his injured finger.[2]

---

[2]Terry also appears to challenge the decision of the jail's nurses to deny his request for an appointment with Dr. Mendez on January 31, 2006. *Plaintiff's Complaint - Court Doc. No. 1* at 3. The law is well settled that a defendant cannot be held liable in an action brought pursuant to 42 U.S.C. § 1983 under the theory of respondeat superior or on the basis of vicarious liability. *Monell v. Dep't of Social Servs.,* 436 U.S. 658, 690-92, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978); *Harris v. Ostrout*, 65 F.3d 912, 917 (11th Cir. 1995); *Belcher v. City of Foley,* 30 F.3d 1390, 1396 (11th Cir. 1994); *LaMarca v. Turner,* 995 F.2d 1526, 1538 (11th Cir.1993), *cert. denied,* 510 U.S. 1164, 114 S.Ct. 1189, 127 L.Ed.2d 539 (1994). In light of the foregoing, the court concludes that any claim presented by the plaintiff regarding actions undertaken by the jail's nursing staff provide no basis for liability against Dr. Mendez.

6

To prevail on an Eighth Amendment claim concerning an alleged denial of adequate medical treatment, an inmate must, at a minimum, show that those responsible for providing the treatment acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Taylor v. Adams*, 221 F.3d 1254 (11th Cir. 2000); *McElligott v. Foley*, 182 F.3d 1248 (11th Cir. 1999); *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989); *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir.1986). Specifically, jail medical personnel may not subject inmates to "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106, 97 S.Ct. at 292; *Mandel v. Doe*, 888 F.2d 783, 787 (11th Cir.1989). When seeking relief based on deliberate indifference of responsible officials, an inmate is required to establish "an objectively serious need, an objectively insufficient response to that need, subjective awareness of facts signaling the need and an actual inference of required action from those facts." *Taylor*, 221 F.3d at 1258; *McElligott*, 182 F.3d at 1255 (for liability to attach, the official must know of and then disregard an excessive risk to the prisoner). Thus, deliberate indifference occurs only when a defendant "knows of and disregards an excessive risk to inmate health or safety; the [defendant] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Johnson v. Quinones*, 145 F.3d 164, 168 (4th Cir. 1998) (defendant must have actual knowledge of a serious condition, not just knowledge of symptoms, and ignore known risk to serious

7

condition to warrant finding of deliberate indifference). Furthermore, "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Farmer*, 511 U.S. at 838.

> In articulating the scope of inmates' right to be free from deliberate indifference, ... the Supreme Court has ... emphasized that not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.' *Estelle,* 429 U.S. at 105, 97 S.Ct. at 291; *Mandel,* 888 F.2d at 787. Medical treatment violates the eighth amendment only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.' *Rogers,* 792 F.2d at 1058 (citation omitted). Mere incidents of negligence or malpractice do not rise to the level of constitutional violations. *See Estelle,* 429 U.S. at 106, 97 S.Ct. at 292 ('Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.'); *Mandel*, 888 F.2d at 787-88 (mere negligence or medical malpractice 'not sufficient' to constitute deliberate indifference); *Waldrop,* 871 F.2d at 1033 (mere medical malpractice does not constitute deliberate indifference). Nor does a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment support a claim of cruel and unusual punishment. *See Waldrop,* 871 F.2d at 1033 (citing *Bowring v. Godwin,* 551 F.2d 44, 48 (4th Cir.1977)).

*Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991). Moreover, "whether government actors should have employed additional diagnostic techniques or forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for liability under the Eighth Amendment." *Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995); *Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir. 1985) (mere fact that prison inmate desires a different mode of medical treatment does not amount to deliberate

indifference violative of the Constitution); *Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir. 2001) ("A difference of opinion as to how a condition should be treated does not give rise to a constitutional violation."); *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981) (medical personnel do not violate the Eighth Amendment simply because their opinions concerning medical treatment conflict with that of the inmate-patient).

> To be deliberately indifferent, Defendants must have been "subjectively aware of the substantial risk of serious harm in order to have had a '"sufficiently culpable state of mind."'" *Farmer,* 511 U.S. at 834-38, 114 S.Ct. at 1977-80; *Wilson v. Seiter,* 501 U.S. 294, 299, 111 S.Ct. 2321, 2324-25, 115 L.Ed.2d 271 (1991).... Even assuming the existence of a serious risk of harm and causation, the prison official must be aware of specific facts from which an inference could be drawn that a substantial risk of serious harm exists--and the prison official must also "draw that inference." *Farmer*, 511 U.S. at 837, 114 S.Ct. at 1979.

*Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2001). Thus, for Terry to avoid summary judgment on his deliberate indifference claim, he is "required to produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995).

No extended discussion of the facts is necessary. The medical records filed herein demonstrate that during Terry's confinement at the Montgomery City Jail the defendant provided treatment to the injured finger in accordance with his assessment of the injury suffered by Terry. *Defendant's Exhibit 1 (Inmate Medical Records of Artemis J. Terry) - Court Doc. No. 16-2.* The undisputed evidentiary materials before the court further

demonstrate that Dr. Mendez examined Terry each time the inmate presented a complaint to him regarding his finger, thoroughly evaluated each complaint, ordered an x-ray of Terry's injured finger and provided treatment in accordance with his professional judgment. *Id*.; *Defendant's Exhibit 2 (Affidavit of Dr. Marcial J. Mendez) - Court Doc. No. 16-3* at 2-3. The evidentiary materials likewise establish that the defendant prescribed medication to alleviate pain and swelling associated with Terry's injury to his finger.

The affidavit filed by defendant Mendez delineates the treatment provided to Terry as follows:

> I have treated Artemis Terry on several occasions and regularly prescribe medications to him during his incarceration at the Montgomery Municipal Jail. In my capacity as the physician at the jail, I provide Mr. Terry with the same standard of medical care that I do all of my patients. I have never denied Mr. Terry proper medical treatment. I have never told an inmate that I would not see him twice in one week.
>
> The nursing staff at the Montgomery Municipal Jail is responsible for receiving inmate request forms for medical treatment. The nursing staff triages the inmates and schedules for me to see them. Generally, I go to the Montgomery Municipal Jail twice a week to see patients. However I am on call to the nursing staff at the jail twenty four hours a day seven days a week.
>
> I treated Artemis Terry on the dates of 1/25/06 and 2/8/06 in relation to a complaint of pain to the right 5th finger. He said he hurt it approximately 2½ weeks prior. I ordered an x-ray of the right hand, a splint, and prescribed Motrin.
>
> The x-ray was later performed [on January 25, 2006] by ... Southern Radiology Services, LLC. The x-ray results were received that same day.
>
> The findings indicated soft tissue swelling involving the litter finger PIP joint consistent with a sprain injury. The x-ray noted no underlying fractures or dislocation which would require a splint.
>
> On February 8, 2006, I had a follow-up visit with Mr. Terry for his finger. I advised him of the x-ray results and instructed him to apply warm soaks for 20 minutes 4 to 5 times daily. Also, I advised him to return in the

next few days if there was no improvement.

There are no other times that ... Artemis Terry complain[ed] of pain to his finger.  Mr. Terry has ... made no subsequent complaints to me, since I last treated him on February 8, 2006[, a fact Terry concedes in his response to the defendant's special report].

*Defendant's Exhibit 2 (Affidavit of Dr. Marcial J. Mendez) - Court Doc. No. 16-3* at 2.  A review of the x-ray report supports the defendant's assertions.  *Defendant's Exhibit 1 (Inmate Medical Records of Artemis J. Terry) - Court Doc. No. 16-2* at 5 (The impression of the x-ray revealed "[s]oft tissue swelling involving the little finger PIP joint consistent with sprain injury.  No underlying fracture or dislocation is identified.").

Under the circumstances of this case, it is clear that the course of treatment undertaken by the defendant was neither grossly incompetent nor inadequate.  Although Terry asserts he should have received additional treatment, this assertion, without more, fails to establish deliberate indifference.  *Hamm*, 774 F.2d at 1575; *Garvin*, 236 F.3d at 898; *Franklin*, 662 F.2d at 1344.  It is undisputed that Terry received medical treatment as dictated by his injury.  His mere desire for a different mode of medical treatment does not amount to deliberate indifference.  *Harris*, 941 F.2d at 1505.  Terry has failed to present any evidence which indicates the defendant knew that the manner in which he treated the injured finger created a substantial risk to the plaintiff's health and that with this knowledge consciously disregarded such risk.  The record is devoid of evidence, significantly probative or otherwise, showing that Dr. Mendez acted with deliberate indifference to Terry's injured finger.  Summary judgment is therefore due to be granted

in favor of the defendant.

## III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The defendant's motion for summary judgment be GRANTED.

2.  Judgment be GRANTED in favor of the defendant.

3.  This case be dismissed with prejudice.

4.  The costs of this proceeding be taxed against the plaintiff.

It is further

ORDERED that on or before May 8, 2008 the parties may file objections to this Recommendation.  Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981,

*en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 25th day of April, 2008.


/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE